Royal F. Oakes (080480), mnewman@hinshawlaw.com
Michael A. S. Newman (205299), mnewman@hinshawlaw.com
James C. Castle (235551), mnewman@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West Fifth Street, 47th Floor
Los Angeles, California  90071
Telephone:  (213) 680-2800
Facsimile:  (213) 614-7399

Attorneys for Defendant
Metropolitan Life Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORLISS LEE, | CASE NO.:  CV 13-05458 VC |
| Plaintiff, | Honorable Vince Chhabria |
| vs. | **PARTIES' STIPULATED PROTECTIVE ORDER** |
| METROPOLITAN LIFE INSURANCE COMPANY, INC., a New York Corporation; and DOES 1 through 50, | |
| Defendants. | Complaint Filed: September 19, 2013 |

Plaintiff CORLISS LEE ("Plaintiff") and Defendant METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") (collectively "Parties"), by and through their respective counsel of record, hereby stipulate to the following Protective Order regarding certain documents to be produced by either party's attorneys or agents in the above-captioned matter:

1. <u>Designated Material</u>.  The parties hereto designate certain documents to be produced to each other, and all information or material derived from such documents, as "Designated Material" under this Protective Order.  Designated Material shall be "CONFIDENTIAL," and the party that designates the documents as "CONFIDENTIAL" shall be deemed the "Designating Party" with respect to those designated documents.  Such designation is to be made for the purposes of protecting sensitive, confidential, trade secret, private and/or proprietary information relating to the parties and/or others.  Such information is information that has not been made public and may include information that relates to or concerns individuals and entities other than the parties hereto.

2. <u>Access</u>.  Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

A. Designated Material may be disclosed only to "qualified persons," defined as (1) all individual parties and counsel for individual parties to this action and the officers, directors, members, employees, third-party administrators and attorneys representing corporate parties to this action who need to review the material to assist with that party's defense or prosecution of its case, and to prospective witnesses who have agreed in writing to be bound by this Protective Order in the form of an executed Declaration of Compliance, attached hereto as Exhibit "A", and (2) non-party consultants and experts who have agreed in writing to be bound by this

Protective Order in the form of an executed Declaration of Compliance, attached hereto as Exhibit "A."

B. <u>Copies</u>.  Copies and extracts may be made by or for the foregoing qualified persons, provided that all copies and extracts are appropriately marked as set forth below in paragraph 2(F).  All copies and extracts of Designated Material are subject to paragraph 2(G) of this Protective Order.

C. <u>Custody of Designated Material</u>.  All documents containing information designated "CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the sole custody of counsel of record for the parties, and no partial or complete copies thereof containing Designated Material shall be retained by anyone else at any location, except that each office of the attorney of record may maintain a file for archival purposes, and consultants and experts may retain documents on a temporary basis for purposes of study, analysis and preparation of the case.  A person with custody of Designated Material shall maintain it in a manner that limits access only to those qualified persons identified above in paragraph 2(A).

D. <u>Authors and Addressees</u>.  The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document.

E. <u>Declaration of Compliance and Objections</u>.  Prior to disclosing documents as discussed in paragraphs 2(A) through 2(D), counsel disclosing the information will ensure that the qualified person to whom the documents are to be disclosed has understood and executed the Declaration of Compliance, attached hereto as Exhibit "A".  Counsel disclosing the information shall then serve the executed Declaration on counsel for all parties, except that service of Declarations

signed by designated experts and consultants shall not be made. A copy of the executed Declaration of Compliance with a description of the Confidential Information to be furnished to the qualified person shall be provided to the Designating Party at least two (2) business days prior to the disclosure of Designated Material to such person in order to allow the Designating Party to object to the disclosure. In the event the Designating Party wishes to foreclose access to Designated Material, in whole or in part, to any qualified person, such party may, upon a showing of good cause, move the Court ex parte for an appropriate order precluding access. If the Designating Party intends to make such motion, upon notice to the other party, the qualified person shall not be given access to any Designated Material until resolution of the objection by the parties or the Court.

F. <u>Designating Documents</u>. When a party producing documents wishes to designate all or some portion of said documents as "CONFIDENTIAL," such designation shall be made by placing the word "CONFIDENTIAL" on each page of the document prior to production.

G. <u>Return of Materials</u>. All Designated Material, all material derived from Designated Material and all CONFIDENTIAL documents will be returned to the Designating Parties within thirty (30) days of the conclusion of this litigation. Any materials subject to this Protective Order may be retained by a party only if given the Designating Party's express permission.

3. <u>Designating Depositions</u>

A. Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and


HINSHAW & CULBERTSON
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071

marked with the word "CONFIDENTIAL" by the reporter, as the party seeking to designate the material as confidential may direct, or; (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the parties hereto.

B. Where testimony is designated at a deposition, the parties hereto may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Protective Order.

C. Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is a qualified person to whom the exhibit may be disclosed under paragraph 2 of this Protective Order and the exhibit and related transcript pages receive the same confidentiality designation as the original material.

4. Court Procedures

A. In applications, submissions, and motions to the Court, the parties shall seek to file and/or submit Designated Material under seal, pursuant to Northern District Local Rules, Rule 79-5, which are incorporated by reference herein.

B. Subject to all applicable Local Rules and the Federal Rules of Civil Procedure, at the trial of this matter, the parties hereto shall request the Court to exclude from the courtroom, subject to the Court's approval, any person (excluding court personnel) who is not bound or has not agreed to be bound by this Protective Order when information subject to this Protective Order is going to be introduced, presented or referred to. In addition, the parties will request the Court for an order

HINSHAW & CULBERTSON
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071

requiring the jurors to be subject to this Protective Order.  If any party wishes to offer into evidence at trial any Designated Material, the offering party shall use for this purpose a copy of such document which does not bear the designation CONFIDENTIAL.  Such an undesignated copy shall be made available by the producing party to the offering party for this purpose within five (5) business days.  If undesignated copies of such document are not available, reasonable efforts to remove or cover the CONFIDENTIAL designation shall be made on the designated copy.

5. <u>Additional Relief</u>

A. Nothing in this Protective Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.  Nothing in this Protective Order shall prejudice any motion to modify this Protective Order.

B. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

6. <u>Enforceability of Stipulation as Binding Contract Between the Parties.</u> The parties agree that even if the Court does not sign and enter the Proposed Order hereto that the parties will be bound by all of the terms and conditions of this Stipulation as a separate and enforceable contract between the parties.

7. <u>Modification and Survival</u>.  The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.  This Stipulation and Protective Order shall survive termination of this action.

HINSHAW & CULBERTSON
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071

IT IS SO STIPULATED.

Dated: December 17, 2014    GATES EISENHART DAWSON

By: */s/ Nicholas G. Emanuel*
Nicholas G. Emanuel
Attorneys for Plaintiff Corliss Lee

Dated: December 17, 2014    HINSHAW & CULBERTSON, LLP

By: */s/ James C. Castle*
ROYAL F. OAKES
MICHAEL A.S. NEWMAN
JAMES C. CASTLE
Attorneys for Defendant
Metropolitan Life Insurance
Company

**IT IS SO ORDERED:**

Dated: December 18, 2014

Hon. Vince Chhabria

HINSHAW & CULBERTSON
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071

-7-

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER AND ORDERS PURSUANT THERETO

I, _____, of _____, in order to be provided access to the Designated Material, which are the subject of the Protective Order in a lawsuit entitled *CORLISS LEE, Plaintiffs, vs. METROPOLITAN LIFE INSURANCE COMPANY, Defendant*, Case No. CV 13-05458 VC pending in the United States District Court for the Northern District of California (the "Action"), represent and agree as follows:

1. I have been provided with a copy of the Order and have reviewed and am familiar with its terms.

2. With regard to the Designated Material to which I am given access in connection with the Action, I agree to be bound by the provisions of the Order as of this date. I specifically agree that, unless I am the attorney of record representing a party to this Action, I shall not make copies nor authorize anyone to make copies of the Designated Material and that I will promptly return all copies of the Designated Material to the person from whom I received them upon request by that person.

3. I consent to the exercise of jurisdiction over me by the court with respect to the Order.

Signed: _____

Name: _____

Dated: _____